

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES RAY DIAZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:21-CV-1372-A |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the petition of Charles Ray Diaz, petitioner, for writ of habeas corpus under 28 U.S.C. § 2254 by a person in state custody. The court, having considered the petition, the response, the reply, and petitioner's motion for equitable tolling, finds that the petition must be dismissed as untimely.

I.

Background

Petitioner is serving a sentence of imprisonment of 45 years pursuant to his conviction for aggravated assault with a deadly weapon in Case No. 1350578D in the 396th District Court of Tarrant County, Texas. Doc.[1] 19-2 at 104-06.[2] He appealed and

---

[1] The "Doc. __" reference is to the number of the item on the docket.
[2] The page reference is to "Page __ of __" assigned by the court's electronic filing system as reflected at the top right portion of the document.

his conviction was affirmed. Diaz v. State, No. 02-15-00020-CR, 2016 WL 4045221 (Tex. App.—Fort Worth July 28, 2016, no pet.). He did not file a petition for discretionary review. Doc. 18-1.

On September 1, 2016, petitioner filed a motion for post-conviction forensic DNA testing, which the trial court denied. Petitioner appealed and the appellate court affirmed the trial court's order. Diaz v. State, No. 02-17-00003-CR, 2018 WL 359958 (Tex. App.—Fort Worth Jan. 11, 2018).

On April 5, 2018, Petitioner filed an application for state writ of habeas corpus. Doc. 20-14 at 13-29. On February 27, 2019, the Court of Criminal Appeals of Texas denied the application without written order on the findings of the trial court without hearing. Doc. 20-9.

On December 21, 2021, petitioner filed his federal habeas application. Doc. 1 at 10. In it, he asserts four grounds summarized as (1) ineffective assistance of counsel, (2) inadmissible evidence, (3) improper jury argument, and (4) non-disclosure of exculpatory evidence. Id. at 6-7.

II.

Limitations

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the

2

time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. United States v. Thomas, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. Windland v. Quarterman, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. Emerson v. Johnson, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas

application filed after limitations has expired does not entitle the petitioner to statutory tolling. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his petition. Holland v. Florida, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. In re Wilson, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002); Patterson, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. Id. Lack of legal acumen and unfamiliarity with legal process are not sufficient

4

justification to toll limitations. United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008); Alexander, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Id. at 386-87; Merryman v. Davis, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. Schlup v. Delo, 513 U.S. 298, 324 (1995). In assessing the claim, the court may consider how the timing of the submission and the likely credibility of petitioner's affiants bear on the probable reliability of the evidence. McQuiggin, 569 U.S. at 399-400.

III.

Analysis

Petitioner's conviction became final on August 27, 2016, when the time for filing a petition for discretionary review expired. Tex. R. App. P. 68.2 (petition must be filed within 30 days after appellate judgment rendered). Thus, absent tolling,

5

limitations expired August 27, 2017.

Petitioner's motion for post-conviction DNA testing was filed September 1, 2016, and denied January 11, 2018. Diaz, 2018 WL 359958, at *1. Respondent accepts that the pendency of that matter tolled limitations for 498 days. Doc. 18 at 6. In addition, petitioner's state habeas application was pending from April 5, 2018, until February 27, 2019, which further tolled the limitations period by 329 days. Id. Accordingly, his federal habeas application was due by December 2, 2019. It was not filed until December 21, 2021, over two years too late.

This case does not concern the alternate dates mentioned in § 2244(d)(1)(B), (C), or (D), from which limitations might run. Although petitioner refers to misdeeds of State agents, he is talking about events that occurred prior to or during trial. His contention appears to be that the State used false evidence to convict him. See Docs. 13, 21, 22.

As for equitable tolling, petitioner does not provide any facts that would support his request. The motion for equitable tolling refers to his belief that the "various government agents made miscalculations and state courts had an opportunity to correct the constitutional violations in [the] first instance." Doc. 22 at 1. He then requests the court to order the parties and all government agents to "completely and accurately maintain their records" without identifying the records to which he

6

refers. Id. at 2. Petitioner's reply is not much more helpful. As best the court can tell, petitioner seems to think that tolling is appropriate because his claims are meritorious. Doc. 21 at 5-6. Petitioner mentions Tammy Cummings, apparently an attorney in Dallas, as having abandoned him to proceed pro se but provides no further information. Id. at 5; Doc. 1 at 9. He also mentions the pandemic, but that arose after limitations had run. Petitioner simply has not shown that he pursued his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his application. Holland, 560 U.S. at 649.

Finally, it does not appear that petitioner is asserting a claim of actual innocence. He has not cited to any new evidence and the court has no reason to believe that there is any. The court notes that petitioner's counsel filed affidavits refuting each of his contentions, Doc. 20-14 at 42-53, and the trial court recommended that the state habeas application be denied. Id. at 221. The writ was denied based on the trial court's findings. Doc. 20-9. The attorneys' affidavits reflect that the evidence of petitioner's guilt was overwhelming. Doc. 20-14 at 43, 44 (even petitioner's cousin would have contradicted his claim of innocence), 45 (video of petitioner shooting the victim), 50-51.

IV.

Order

For the reasons discussed herein,

The court ORDERS that the petition be, and is hereby, dismissed as untimely.

SIGNED October 24, 2022.

_____
JOHN McBRYDE
Senior United States District Judge